CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 14 2018

JULIA C. DUDLEY, CLERK
BY: A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KENA DREW, | ) |
| Plaintiff, | ) Civil Action No. 3:17CV00083 |
| v. | ) **MEMORANDUM OPINION** |
| VALLEY CREDIT SERVICE, INC., | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Defendant. | ) |

Plaintiff Kena Drew brings this action against defendant Valley Credit Service, Inc. ("VCS") under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. The matter is currently before the court on defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion will be denied.

## Background

On April 26, 2017, VCS mailed a letter to Drew informing her that she owed $465.00 to a creditor for unpaid medical expenses. Compl. ¶¶ 21, 24, 27, Dkt. No. 1. The letter stated that "'[t]his debt may or may not already be in your file with credit reporting agencies. Regardless VCS, INC. is a data furnisher to credit reporting agencies and might report this debt to such agencies.'" Id. ¶ 38. Drew did not make any payments toward the debt at that time. Id. ¶ 32.

On May 24, 2017, defendant mailed a second letter to Drew. Id. ¶ 30. This second letter stated that Drew owed $175.00 on the debt identified in the April 26 letter and contained a signed statement by "Natasha L," who asserted that she had verified with the creditor that Drew owed $175.00. Id. ¶¶ 30-31. After receiving the May 24 letter, Drew called VCS, which informed her that she owed $465.00, not $175.00. Id. ¶¶ 35-36.

On December 6, 2017, Drew filed a complaint against VCS alleging three violations of the FDCPA: (1) the use of false, deceptive, or misleading representations in connection with the collection of plaintiff's debt, in violation of 15 U.S.C. § 1692e; (2) the false representation of the character, amount, or legal status of the plaintiff's debt, in violation of 15 U.S.C. § 1692e(2)(A); and (3) the use of a false representation or deceptive means to collect or attempt to collect the plaintiff's debt, in violation of 15 U.S.C. § 1692e(10). Drew alleges that the conflicting amounts of debt in the letters "left [her] unsure of the true amount of the Debt." Id. ¶ 37. Additionally, she claims that the "equivocal and ambiguous statement" concerning credit reporting agencies "would leave the least sophisticated consumer—or even a reasonable consumer—confused and left to guess at whether Defendant intended to report the Debt to the credit reporting agencies." Id. ¶ 38. The complaint states that "a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing." Id. ¶ 5.

On January 12, 2017, defendant moved to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The parties have submitted the motion on the briefs, and the matter is now ripe for disposition.

## Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action for lack of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists. Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Dismissal for lack of subject matter jurisdiction is appropriate "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal quotation marks omitted).

## Discussion

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases or controversies. In ensuring that a matter presents an actual case or controversy, courts consider whether the plaintiff has standing to sue. Standing requires that the "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized." Dreher v. Experian Info. Solutions, Inc., 856 F.3d 337, 343 (4th Cir. 2017) (internal quotation marks omitted). An injury is concrete if it is de facto or real; however, it need not be tangible. Spokeo, 136 S. Ct. at 1548-49. In determining whether an intangible harm qualifies as an injury in fact, courts consider historical practice and congressional judgment. Id. at 1549. However, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id. Thus, a plaintiff who alleges "a bare procedural violation, divorced from any concrete harm" cannot establish injury in fact. Id.

Rather, a plaintiff may allege that Congress has "elevate[d] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." Id. (alterations and internal quotation marks omitted). Procedural violations also satisfy the concreteness requirement when such violations create a "risk of real harm" to the substantive right that the procedural right is designed to protect. See id. In these cases, a plaintiff "need not allege any additional harm beyond the one Congress has identified." Id.

3

Relying on Spokeo, the defendant argues that the plaintiff lacks Article III standing because she has alleged only bare procedural violations of the FDCPA. The plaintiff counters that she need not allege any harm beyond the harm Congress recognized in § 1692e because a violation of that section, standing alone, results in a concrete, de facto injury.

The court agrees with the plaintiff. Congress enacted the FDCPA to protect consumers from the harm of experiencing "abusive debt collection practices by debt collectors." See 15 U.S.C. § 1692(e). Section 1692e creates "a private right of action" against a debt collector that engages in abusive debt collection practices, namely "the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt." Bautz v. ARS Nat'l Servs., Inc., 226 F. Supp. 3d 131, 142 (E.D.N.Y. 2016) (alteration and internal quotation marks omitted). "[T]he direct violation of a specific statutory interest that Congress has recognized,"—as opposed to "an ancillary procedural infraction that may or may not materially harm that interest"—"establishes concrete injury for purposes of Article III" if it is sufficiently alleged. Id. at 141; see also e.g., Biber v. Pioneer Credit Recovery, Inc., 229 F. Supp. 3d 457, 468 (E.D. Va. 2017) (recognizing that the conduct identified in § 1692e, "a debt collector's false, misleading, deceptive, or abusive conduct[,] concretely harms a debtor by detrimentally affecting that debtor's decisions regarding his debt"); Barnhill v. FirstPoint, Inc., No. 1:15-cv-892, 2017 WL 2178439, at *5 (M.D.N.C. May 17, 2017) ("Since Spokeo was decided, the majority of courts have held that FDCPA violations, like the ones asserted in this case [failure to label disputed debt as disputed], are substantive violations and thus produce 'concrete injuries' sufficient to satisfy Article III's requirement of injury-in-fact") (collecting cases holding the same); Prindle v. Carrington Mortg. Servs., LLC, No. 3:13-CV-1349-J-34PDB, 2016 WL 4369424, at *11 (M.D. Fla. Aug. 16, 2016) ("[B]ecause [plaintiff] had a personal

statutory right to be free from abusive debt-collection practices, and because she has alleged facts plausibly showing that [defendant] violated that right, she need not allege any additional harm . . . [and the defendant's] primary argument—that [plaintiff] failed to allege any additional concrete harm, such as economic loss, confusion, lost time, or emotional distress . . . is unavailing.") (alterations and internal quotation marks omitted)). Thus, a plausible allegation of a violation of § 1692e is an allegation of the de facto harm that Congress enacted the FDCPA to remedy.

Here, the plaintiff has plausibly alleged that she received communications from a debt collector that could cause the least sophisticated, or even a reasonable, consumer to experience confusion, that she was in fact unsure of the amount of debt she owed, and that the statement regarding credit reporting agencies was equivocal and ambiguous. Compl. ¶¶ 37-38. These allegations assert direct violations of Congress' specific statutory interest in preventing debt collection practices that could mislead or deceive consumers in making decisions about their debt. Thus, the court concludes that the plaintiff has sufficiently alleged a concrete injury in this case.

The court does not believe that the cases cited by the defendant require a different conclusion. The defendant relies on two cases in particular. First, in <u>Martin v. Consumer Adjustment Company, Inc.</u>, the Court ruled that a plaintiff lacked standing to pursue her FDCPA claims arising from her receipt of a letter containing two different balances for the same debt. Case No. 16-01180-CV-W-ODS, 2017 U.S. Dist. LEXIS 210632, at *1-2 (W.D. Mo. Dec. 22, 2017). The court declines to rely on this unpublished authority, which analyzes standing at the summary judgment stage, rather than at the motion to dismiss stage.

Second, the defendant cites <u>Coleman v. Charlottesville Bureau of Credits, Inc.</u>, Civil

Action No. 3:17CV147, 2017 WL 1381666 (E.D. Va. Apr. 17, 2017). In Coleman, the Court rejected the plaintiff's argument that "a violation of the FDCPA per se constitutes a concrete injury enough to invoke Article III standing." Id. at *4 (internal quotation marks omitted). That case involved the violation of the FDCPA's requirement that debt collectors accurately report disputed debt as disputed. Id. The Court observed that the plaintiff did not allege that she suffered "any actual harm" in addition to the statutory violation or faced a risk of real harm, and the Court believed that the statutory violation identified in the complaint was "not the type of common law invasion of a right that is sufficient to create the type of concrete injury envisioned by Spokeo." Id. at *3-4. At least one other case has disagreed with Coleman. See Brown v. R & B Corporation of Virginia, 267 F. Supp. 3d 691, 702 n.8 (E.D. Va. 2017). In Brown, the Court recognized that "while the law might not have 'long permitted recovery' for false statements in the collection of debt, Congress specifically granted consumers the substantive right of being free from abusive debt collection practices." Id. at 701-02. This court agrees that whether a harm was recognized at common law is not determinative of standing. Congress may still identify an actual, de facto injury that was not considered a common law invasion of a right and elevate that injury to the status of a legally cognizable injury. See id.

Having reviewed the above cases and the parties' arguments, the court concludes that Drew has standing to bring her FDCPA claims. She has plausibly alleged violations of § 1692e that, standing alone, satisfy the concreteness requirement for an injury in fact. Consequently, the court will deny the defendant's motion to dismiss.

## Conclusion

For the reasons stated, the defendant's motion to dismiss will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 14th day of March, 2018.

/s/ Glen Conrad
Senior United States District Judge